IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                              ORDER

       v.                                       04-CR-126-C-01

CARL W. CARTER,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       A hearing on the probation office's petition for judicial review of Carl W. Carter's supervised release was held on February 11, 2010, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Rita M. Rumbelow. Defendant was present in person and by counsel, Kelly Welsh, Federal Public Defender's Office. Also present was Senior United States Probation Officer Michael D. Harper.

       From the record and the parties' stipulation, I make the following findings of fact.

FACTS

       Defendant was sentenced in the Western District of Wisconsin on April 18, 2005, following his conviction for felon in possession of a firearm, in violation of 18 U.S.C.

§ 922(g)(1). This offense is a Class C felony. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 41 months, with a 36-month term of supervised release to follow.

Defendant began his term of supervised release on August 28, 2007. On July 8, 2009, he violated the mandatory condition prohibiting him from violating any federal, state or local law, when he engaged in disorderly conduct, a violation of Wis. Stat. § 947.01, a Class B misdemeanor. The offense led to his October 1, 2009, conviction (Dane County Circuit Court case no. 2009CM001979), and a sentence of 18 months' probation.

On August 27, 2009, defendant again violated the mandatory condition prohibiting him from violating any federal, state or local law, when he was arrested for possession with intent to deliver marijuana. On November 10, 2009, he was convicted on a reduced charge of resisting or obstructing an officer, in violation of Wis. Stat. § 946.41, a Class A misdemeanor (Rock County Circuit Court Case No. 2009CF002165) and a sentence of 12 months' probation.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court has the discretion to revoke supervised release, extend it or modify the conditions of release.

CONCLUSIONS

Defendant's violations warrant revocation. Had defendant been convicted of possession with intent to deliver marijuana, rather than the reduced charge of resisting or obstructing a police officer, revocation would have been required under 18 U.S.C. § 3583(g). The sentences of probation defendant received in the Circuit Court for Dane County and Rock County do not adequately take into account the fact that the defendant was serving a term of supervised release when he committed these violations of law.

Defendant's criminal history category is III. With a Grade C violation, defendant has an advisory guideline term of imprisonment of 5 to 11 months. The statutory maximum term of imprisonment to which defendant can be sentenced upon revocation is 24 months, under 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which defendant was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence at the bottom of the advisory guideline range. The intent of this sentence is to hold defendant accountable for his violations and to protect the community.

ORDER

3

IT IS ORDERED that the period of supervised release imposed on defendant on April 18, 2005, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of nine months. No term of supervised release shall follow the term of imprisonment.

Defendant is neither a flight risk nor a danger to the community. Accordingly, execution of the sentence of imprisonment is stayed until March 10, 2010 when defendant is to report between 12:00 noon and 2:00 p.m. to an institution to be designated by further court order. The conditions of his supervised release remain in effect until he has reported.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 11th day of February, 2010.

BY THE COURT:

/s/

BARBARA B. CRABB

Chief District Judge